IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT MENDALA,<br><br>          Plaintiff,<br>     v.<br><br>IRENE CHEUNG, TIEMPO INTERIORS,<br>and DOES 1 through 50,<br><br>          Defendants.<br>_____/ | No. C 11-04882 SI<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND AND REMANDING ACTION TO SAN FRANCISCO SUPERIOR COURT** |

Before the Court is plaintiff's motion to remand this case to San Francisco Superior Court. A hearing was set for this motion on December 16, 2011, but pursuant to civil local rule 7-1(b), the Court determined this matter appropriate for resolution without oral argument, and vacated the hearing. For the reasons set forth below, the Court GRANTS plaintiff's motion to remand.

**BACKGROUND**

On July 6, 2011, plaintiff Robert Mendala filed a verified complaint in *Mendala v. Irene Cheung, et al*, Case No. CGC-11-512243, against defendants Irene Cheung and Tiempo Interiors, Inc., alleging a variety of claims arising from plaintiff's termination from defendant's company. One of the claims alleged that defendants diverted plaintiff's 401(k) funds, a claim the defendants characterized as a federal ERISA claim. On September 16, 2011, defendants sent plaintiff a letter notifying him that they would remove the case to federal court based on the 401(k) claim. Cha Decl., Ex. D. On September 29, 2011, plaintiff offered to stipulate to delete any alleged ERISA claims from the complaint.[1]  Flautt Decl., ¶ 4. Defendants rejected the offer and removed the case on October 3, 2011.

---

[1] Plaintiff's proposed mechanism to delete the allegations was a stipulation to an order of the Superior Court striking such allegations; that mechanism was apparently an attempt to preserve plaintiff's right to amend his complaint "of course".

On November 1, 2011, plaintiff filed an amended complaint withdrawing all allegations identified by defendants as supporting federal subject matter removal jurisdiction. On November 18, 2011, plaintiff filed this motion to remand. Defendants oppose. Defendants do not dispute that no federal claims remain in the complaint, but argue that the Court should exercise discretionary jurisdiction over the case.

## LEGAL STANDARD

When a case "of which the district courts of the United States have original jurisdiction" is initially brought in state court, the defendant may remove it to federal court. 28 U.S.C. § 1441(a). Upon a defendant's removal of a case to federal court, the court "shall have supplemental jurisdiction over all other claims that . . . form part of the same case or controversy." 28 U.S.C. § 1367(a). However, if the court chooses, it may in its discretion "remand all matters in which State law predominates." 28 U.S.C. § 1441(c). A district court has the discretion to remand a properly removed case to state court when no federal claim remains, "upon a proper determination that retaining jurisdiction over the case would be inappropriate." *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 357 (1988); *Harrell v. 20th Century Ins. Co.*, 934 F.2d 203, 205 (9th Cir. 2001). In deciding whether to remand, courts should "consider and weigh . . . the values of judicial economy, convenience, fairness, and comity[.]" *Carnegie-Mellon*, 484 U.S. at 350. The Supreme Court in *Carnegie-Mellon* noted that a district court has "a powerful reason to choose not to continue to exercise jurisdiction" when all federal claims have been eliminated at an early stage of the litigation. *Carnegie-Mellon*, 484 U.S. at 350-51.

## DISCUSSION

The Court agrees with plaintiff that remand is the proper disposition of this case. Plaintiff amended his complaint to remove all federal claims early in this litigation. With respect to judicial economy, no pleadings (other than this motion) have been filed in federal court, nor have any hearings been held; indeed, the parties have not yet attended a case management conference in federal court. *See Bologna v. City and County of San Francisco*, 2009 U.S. Dist. LEXIS 89289 (N.D.Cal. 2009) (Illston, J.) The remaining claims are all state law causes of action; comity therefore weighs in favor of allowing San Francisco Superior Court to decide these issues. *Millar v. Bay Area Rapid Transit Dist.*, 236 F.

Supp. 2d 1110, 1120 (N.D. Cal. 2002) (Brazil, J.) (it is "preferable as a matter of comity (respect for our sister state institutions) for state court judges to apply state law to plaintiff's state-law claims.")

Defendant argues that plaintiff engaged in "forum manipulation" by waiting until the "last possible moment" to offer a stipulation striking the federal claims. The Court disagrees; even had plaintiff never offered to stipulate removal of the federal claims, they could properly request remand upon amendment of their complaint. *See East Bay Drivers Association v. Surinder Kaur*, 2003 U.S. Dist. LEXIS 9747, at *5 (N.D.Cal. 2003) (Illston, J.) ("Filing federal claims in a state court is a 'legitimate tactical decision' which allows for the option of requesting a remand with all due speed should the defendants exercise their choice to remove.") The *Carnegie-Mellon* factors weigh in favor of remand.

Defendants alternatively argue that the Court should at least retain jurisdiction of this case until it can consider defendants' Fed. R. Civ. P. Rule 11 motion for sanctions. However, defendants have not yet filed any such motion. Fairness does not dictate retaining jurisdiction over a case based on the intention of a party to file a motion. Moreover, equivalent procedures to Rule 11 motions that provide parallel remedies exist in state court, under California Code of Civil Procedure § 128.7. *See Thornton v. Solutionone Cleaning Concepts, Inc.*, 2007 WL 210586, at *2 (E.D.Cal. 2007) (Section 128.7 "basically mirrors" Rule 11 and "deals with imposing sanctions for filing frivolous lawsuits.") Defendants may file their motion pursuant to Section 128.7 in state court.

The Court therefore GRANTS plaintiff's motion for remand.

**IT IS SO ORDERED.**

Dated: December 19, 2011

SUSAN ILLSTON
United States District Judge